UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

_____

|  |  |  |
|---|---|---|
| GENWORTH LIFE and ANNUITY | ) | |
| INSURANCE COMPANY | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | C.A. No. |
|  | ) | |
| MARY-KAREN VIRGINIA WIREIN, | ) | |
| CYNTHIA DARLENE DOUD, | ) | |
| JAMES ROBERT DYER, DONALD RAY DYER | ) | |
| DIANE PATRICIA FUKUDA, | ) | |
| PATRICIA MARIE HILL, | ) | |
| SUSAN MARIE BRUMAGHIM, PAUL | ) | |
| CHRISTOPHER FERRELL and SEAN WILLIAM | ) | |
| FERRELL, | ) | |
| Defendants. | ) | |

_____ )

## **INTERPLEADER COMPLAINT**

This complaint is filed pursuant to 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of

Civil Procedure by the plaintiff Genworth Life and Annuity Insurance Company, which seeks

direction from the Court regarding the payment of proceeds from a life insurance policy issued to

Jimmy D. Ferrell, who is now deceased.  Upon payment of the policy proceeds into the Court,

the plaintiff also seeks a judgment that it has no further liability to anyone under the policy

contract and that it be discharged from any further obligation involving this action.

## **THE PARTIES**

1.   The plaintiff Genworth Life and Annuity Insurance Company ("GLAIC"), is a Virginia

Corporation with a principal place of business in Richmond, Virginia.

2.   The defendant Mary-Karen Virginia Wirein is the stepdaughter of the decedent

and resides in Dublin, NH (03444).

3.   The defendant Cynthia Darlene Doud is the niece of the decedent and upon information and belief resides in Haltom City, Texas (76117), with a mailing address at P.O. Box 454, Azle, Texas 76098.

4.   The defendant James Robert Dyer is the stepson of the decedent and resides in Haltom City, Texas (76117).

5.   The defendant Donald Ray Dyer is the stepson of the decedent and resides in Fort Worth, Texas (76131).

6.   The defendant Diane Patricia Fukuda is the stepdaughter of the decedent and resides in Jaffrey, New Hampshire (03452).

7.   The defendant Patricia Marie Hill is the stepdaughter of the decedent and resides in Jaffrey, New Hampshire (03452).

8.   The defendant Susan Marie Brumaghim is the stepdaughter of the decedent and resides in Troy, New Hampshire (03465).

9.   The defendant Paul Christopher Ferrell is the son of the decedent and resides in Jaffrey, New Hampshire (03452).

10.  The defendant Sean William Ferrell is the son of the decedent and resides in Bennington, New Hampshire (03442).

### JURISDICTION AND VENUE

11.  Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §1335, as this is an action for interpleader and involves claimants of different states under 28 U.S.C. §1332.

### FACTS

12.  On or about October 26, 2006, Jimmy D. Ferrell applied for a life insurance policy with

GLAIC.  Mr. Ferrell resided in Texas at that time.  Mr. Ferrell listed his wife Mary H. Ferrell as the primary beneficiary on the application.  No contingent beneficiaries were listed.

13. On or about February 7, 2007, GLAIC issued life insurance policy number xxxx149 to Mr. Ferrell in the amount of $120,000 (the "Policy").  Mr. Ferrell's wife Mary was the sole beneficiary under the Policy.

14.   On or about May 31, 2012, Mr. Ferrell submitted a change of beneficiary form to GLAIC, seeking to add the defendants James Robert Dyer, Donald Ray Dyer, Diane Patricia Fukuda, Mary-Karen Virginia Wirein, Patricia Marie Hill, Susan Marie Brumaghim, Paul Christopher Ferrell and Sean William Ferrell as contingent beneficiaries under the Policy (collectively these defendants shall be referred to as the "Contingent Beneficiary Defendants"). Each of the eight Contingent Beneficiary Defendants was listed with a 12.5% interest in the Policy proceeds.

15. On or about June 6, 2012, GLAIC informed Mr. Ferrell that his request to change the beneficiaries on the Policy was complete.  As a result of this change, Mr. Ferrell's wife Mary Ferrell remained the primary beneficiary under the Policy, and the Contingent Beneficiary Defendants were listed as the contingent beneficiaries.

16. Upon information and belief, Mary Ferrell died in July 2018.  As a result of her death, the Contingent Beneficiary Defendants were due the Policy proceeds upon Mr. Ferrell's death.

17. On or about October 30, 2018, Mr. Ferrell submitted a change of beneficiary form to GLAIC, in which he listed the defendant Cynthia Darlene Doud as the primary beneficiary under the Policy and the defendant Patricia Marie Hill as the sole contingent beneficiary.

18. On or about November 9, 2018, GLAIC informed Mr. Ferrell that his change of

beneficiary request was complete.  As a result of this change, the defendant Cynthia Darlene

Doud was listed as the primary beneficiary under the Policy and the defendant Patricia Marie

Hill was listed as the contingent beneficiary.   The Contingent Beneficiary Defendants were no

longer listed as beneficiaries on the Policy (except Ms. Hill who was listed as a contingent

beneficiary).

19. Mr. Ferrell died on or about February 28, 2020, in Bedford, New Hampshire.  Upon

information and belief, Mr. Ferrell had been living in New Hampshire since October 2019.

20. At the time of Mr. Ferrell's death, the defendant Cynthia Darlene Doud was listed as the

sole primary beneficiary under the Policy.

21. In April 2020, the defendant Cynthia Darlene Doud submitted a claim form to GLAIC for

payment of the Policy proceeds.

22. On or about April 7, 2020, the defendant Mary Karen Wirein (one of the Contingent

Beneficiary Defendants) sent GLAIC a letter contesting Cynthia Darlene Doud's status as the

beneficiary under the Policy.  Ms. Wirein claimed that Mr. Ferrell suffered from medical

conditions affecting his mental capacity and wrote that, "[i]f Ms. Doud has in fact been named

beneficiary, we ask you to suspend disbursement until this has all been settled in court, as it is

our intention to contest."

23. On or about April 10, 2020, GLAIC received a letter from Attorney Mark D. Fernald,

who indicated that he was representing Ms. Wirein.  In that letter Attorney Fernald stated, among

other things, "[w]e believe that this new beneficiary designation was invalid from the start

because Mr. Ferrell was incompetent to sign a beneficiary designation given his physical and

mental condition."  Attorney Fernald requested that GLAIC withhold payment of the Policy

proceeds and has indicated that Ms. Wirein is making a claim to the Policy proceeds.  Attorney

Fernald subsequently has indicated that he also represents Paul Christopher Ferrell, Sean William Ferrell, Diane Patricia Fukuda, Patricia Marie Hill, and Susan Marie Brumaghim. Upon information and belief, the other Contingent Beneficiary Defendants also may have claims to the Policy proceeds.

24. As a result, there are competing claims to the Policy proceeds – the defendant Cynthia Darlene Doud claims she is entitled to one hundred percent (100%) of the Policy proceeds, while some and/or all of the Contingent Beneficiary Defendants claim that they (and not Ms. Doud) are entitled to the Policy proceeds.  There is no agreement on how the Policy proceeds should be distributed, and GLAIC may be exposed to liability if it distributes the proceeds without an agreement among the parties.

25.  Considering the competing claims to the Policy proceeds, GLAIC has filed this action to seek a determination of the parties' rights with respect to such proceeds.   GLAIC has no claim to the Policy proceeds and is a mere stakeholder here.  In the interim, GLAIC will seek to pay the Policy proceeds into the Registry of the Court.

26. GLAIC also seeks declaratory relief that upon its payment of the Policy proceeds into Court, it has no further liability under the Policy to anyone and may be dismissed from the action.

## COUNT I
**(Action for Interpleader and Declaratory Relief)**

27.  GLAIC restates and incorporates by reference the allegations in paragraphs 1 through 26 above as if fully set forth herein.

28.  There are competing claims to the Policy proceeds and there is no agreement as to how the proceeds should be distributed.

29.  Considering the competing claims to the Policy proceeds, GLAIC has filed this

action to seek a determination of the parties' rights and obligations with respect to those proceeds. In the interim, GLAIC will seek leave to pay the Policy proceeds into the Registry of the Court.

30. GLAIC also seeks declaratory relief that upon its payment of the Policy proceeds into Court, it has no further liability under the Policy to anyone, none of the defendants may initiate any action against GLAIC for sums due under the Policy, and GLAIC may be dismissed from the action.

WHEREFORE, the plaintiff Genworth Life and Annuity Insurance Company respectfully requests that this Court grant the following relief:

1) that the Court allow payment of the Policy proceeds into the Registry of the Court;

2) that the Court issue a judgment declaring that, apart from its obligation to pay the Policy proceeds into Court, GLAIC has no further liability under the Policy to anyone, and that none of the defendants may initiate any action against GLAIC for sums due under the Policy;

3) that GLAIC be dismissed from the action;

4) that GLAIC be awarded its attorneys' fees and costs; and

5) that the Court grant such other and further relief as it may deem just and proper.

Respectfully submitted
GENWORTH LIFE AND ANNUITY INSURANCE
COMPANY
By its attorney,

*/s/ Anthony A. Scibelli*

_____
Anthony A. Scibelli, Esq. (NH Bar #271763)
Scibelli Law Group
300 Commercial Street, Suite 2
Boston, MA 02109
Tel.: 617-941-4627
Email: ascibelli@scibellilawgroup.com

Dated:  May 13, 2020